UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNIVERSITY OF LOUISIANA SYSTEM BOARD OF SUPERVISORS THROUGH UNIVERSITY OF NEW ORLEANS | CIVIL ACTION |
| VERSUS | NO: 18-2200 |
| EMILY KATHERINE HERGERT | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #7) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Defendant's Motion to Allow 90 Days to Conduct Written Discovery Relating to Jurisdiction and Remand; and for Further Extension of Time or Motion to Abate Consideration of Motion to Remand (Doc. #10) is **DENIED**.[1]

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. #5) is **DISMISSED** as moot.[2]

## BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, the University of Louisiana System Board of Supervisors through University of New Orleans. Plaintiff argues that

---

[1] Defendant filed a motion to conduct discovery regarding jurisdiction. Defendant removed this matter alleging jurisdiction under 28 U.S.C. § 1331. No jurisdictional discovery is required because this court finds that plaintiff's complaint did not raise a federal question. Further, the discovery defendant seeks is related to the merits of the claim, not this court's jurisdiction.

[2] Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that plaintiff failed to properly state a claim for collection on a promissory note. This court cannot determine the merits of a cause of action when it lacks subject matter jurisdiction. Therefore, defendant's motion to dismiss is DISMISSED as moot.

this matter must be remanded to the Civil District Court, Parish of Orleans, State of Louisiana because this court lacks subject matter jurisdiction.

Plaintiff filed suit against defendant, Emily Katherine Hergert, in the Civil District Court, Parish of Orleans, State of Louisiana alleging that Hergert defaulted on a Federal Perkins Master Promissory Note. Plaintiff seeks to collect on the promissory note under Louisiana law.

Hergert removed the action to the United States District Court for the Eastern District of Louisiana alleging that this court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because defendant seeks to collect on a loan that is governed by federal regulations.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d at 815.

Under 28 U.S.C. § 1331, the federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to the well-pleaded complaint rule, an action "'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vanden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 29 S.Ct. 42 (1908)). "'[G]enerally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008) (quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008)). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987).

Federal question jurisdiction cannot be based on a defense that raises a federal question. Merrell Dow Pharma. Inc. v. Thompson, 106 S.Ct. 3229, 3232 (1986). Federal question jurisdiction exists if "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Singh v. Duane Morris LLP, 538 F.3d 334, 337–38 (5th Cir. 2008) (quotations omitted). "The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction[,]" and "the presence of a disputed federal issue . . . [is] never necessarily dispositive." Id. at 338. Instead, the court must make "careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." Id. To that end, "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." Id.

Although the Perkins loan is governed by federal regulations, plaintiff's complaint states a cause of action for collection of a promissory note that arises under Louisiana law, and not the Constitution, laws, or treaties of the United States. "It is the nature of the action before the court, not the nature of the loan program, that establishes the existence or absence of federal jurisdiction." Inter-American Univ. of Puerto Rico v. Concepcion, 716 F.2d 933, 934 (1st Cir.1983) (dismissing lender's action to collect student debt issued under a federal loan program and regulated by the Department of Education).) The federal Perkins loan program does not create the collection cause of action, thus it does not create a substantial federal question. Id. (The lender's suit to collect the higher education "loan does not involve a right that will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.") Therefore, plaintiff's cause of action arises entirely under state law, and this court lacks subject matter jurisdiction. Plaintiff's motion to remand is GRANTED and this matter is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #7) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Defendant's Motion to Allow 90 Days to Conduct Written Discovery Relating to Jurisdiction and Remand; and for Further Extension of Time or Motion to Abate Consideration of Motion to Remand (Doc. #10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. #5) is **DISMISSED** as moot.

New Orleans, Louisiana, this  31st  day of May, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**